a

RECEIVED
AUG 19 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEONARDO GUTIERREZ (A087159223), Petitioner | CIVIL ACTION NO. 1:16-CV-679; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| DAVID COLE, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Leonardo Gutierrez. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). At the time of filing, Petitioner was being detained at the LaSalle Detention Center in Jena, Louisiana. Petitioner alleges that his continued detention is unconstitutional under Zadvydas v. Davis, 533 U.S. 678 (2001).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

Factual Background

Petitioner is a native and citizen of Venezuela. He alleges that he was ordered removed on September 28, 2010. (Doc. 4, p. 8). His appeal was denied by the Board of Immigration Appeals on March 21, 2011. (Doc. 4, p. 8). Petitioner alleges that he was taken into DHS/ICE custody on July 7, 2010. (Doc. 4, p. 8). Petitioner complains that

he has remained in ICE custody beyond the presumptively reasonable 6-month post-removal order period set forth in Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

Law and Analysis

The relief sought by Petitioner was his immediate release from custody. According to the ICE Inmate Locator service, Petitioner is no longer in DHS/ICE custody.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. See Giles v. Nylcare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir.1999). Because Petitioner is no longer in DHS/ICE custody, the Court cannot order his release. Petitioner's challenge to his post-removal-order detention is now moot and does not present a justiciable case or controversy.

Thus, for the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice for lack of jurisdiction.

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _19_ day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge