U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 13 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| LEONARDO GUTIERREZ | CIVIL ACTION NO. 1:16-CV-00679 |
| VERSUS | JUDGE TRIMBLE |
| DAVID COLE, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

I. **Background**

Before the Court is petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Leonardo Gutierrez ("Gutierrez") (Docs. 1, 4). Gutierrez, a native and citizen of Venezuela, is contesting his continued detention for more than six months by the Bureau of Immigration and Customs Enforcement ("ICE") pending his removal from the United States. At the time of filing his petition, Gutierrez was detained in the LaSalle Detention Facility in Jena, Louisiana. Gutierrez requests release pending removal pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

A Report and Recommendation was filed, recommending dismissal of Gutierrez's petition (Doc. 12). Since then, Respondents filed an unopposed motion to dismiss (Doc. 13), showing that Gutierrez was removed from the United States on July 5, 2016 pursuant to a removal order. Since Gutierrez has been released from custody, he has achieved the sole relief he sought in his habeas petition. Therefore,

Respondent's motion to dismiss (Doc. 13) should be granted and Gutierrez's habeas petition should be dismissed as moot.[1]

## II. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 13) be GRANTED and Gutierrez's habeas petition be DENIED AND DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] An action is rendered moot when the court cannot grant the relief requested by the moving party. See Salgado v. Fed.Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing Brown v. Resor, 407 F.2d 281, 283 (5th Cir. 1969)). A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents. See Adair v. Dretke, 150 Fed.Appx. 329, 331 (5th Cir. 2005) (citing Goldin v. Bartholow, 166 F.3d 710, 717-18 (5th Cir. 1999)).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 12th day of October, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge